UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JERRY LARA, | |
|     Petitioner, | 2:12-cv-00505-KJD-PAL |
| vs. | |
| | ORDER |
| BRIAN WILLIAMS, | |
|     Respondent. | |

Petitioner Jerry Lara filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thereafter, counsel appeared on petitioner's behalf (ECF No. 18). Before the Court is respondents' Motion to Dismiss (ECF No. 9), petitioner's Opposition (ECF 25) and respondents' Reply (ECF No. 27).

**I.     Procedural Background**

Petitioner was convicted by a jury on August 7, 1997, on charges of first degree murder with the use of a deadly weapon. Ex. 36.[1]  He was sentenced to life with the possibility of parole after 20 years with an equal and consecutive sentence on the weapon enhancement. Ex. 47. The judgment of conviction was entered on January 23, 1998. *Id.*

Petitioner filed a motion for new trial on August 19, 1997, which was denied by the trial court. Exs. 38 and 41. This decision was appealed to the Nevada Supreme Court. Ex. 44. On April 26, 2000,

---

[1] The exhibits referenced in this Order as "Ex." were submitted in support of the motion to dismiss and are found in the Court's record at ECF Nos. 10-16. Petitioner's exhibits submitted in support of his response/opposition are designated as "Pet. Ex."

the Nevada Supreme Court denied relief, finding that there was substantial evidence to support the conviction. Ex. 63.

On March 30, 2001, petitioner filed a proper person post-conviction petition. Ex. 65. He was then appointed counsel and a supplemental petition was filed. Ex. 72. Following an evidentiary hearing, the petition was denied. Exs. 75 and 83. This decision was also appealed to the Nevada Supreme Court, which affirmed the lower court's decision on April 14, 2004. Ex. 93. Remittitur issued on May 11, 2004. Ex. 94.

A second post-conviction petition was filed on August 5, 2008, more than four years after completion of the original collateral proceedings. Ex. 96. Following the filing of a supplemental petition by appointed counsel, the state trial court denied the petition on March 5, 2010. Ex. 106. The appeal of this decision was finalized on October 11, 2011, with the issuance of remittitur. Ex. 131.

Petitioner filed his federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 15, 2012. ECF No. 7.[2] Petitioner raises a single ground for relief claiming that Nevada's jury instruction on first degree murder relieved the state of the burden of proof on whether the killing was deliberate as well as premeditated, thus violating his due process rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. *Id.* at 3.

At the time of petitioner's trial, Nevada used a jury instruction now commonly known in this circuit as the *Kazalyn* instruction.[3] That instruction was later disfavored and discontinued for use in

---

[2] Although the petition was not actually filed until after this date, the petition was signed and submitted to prison officials for filing on March 15, 2012. The mailbox rule requires that this date be used for purposes of calculating the statute of limitations in prisoner cases. See, e.g., *Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir.2010); *Ramirez v. Yates*, 571 F.3d 993, 996 n. 1 (9th Cir.2009)(applying the prison mailbox rule specifically to determine the dates of pendency of a Nevada state petition for purposes of determine the amount of time tolled for purposes of federal law under § 2244(d)(2)); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir.2002); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir.2001); *Saffold v. Newland*, 250 F.3d 1262, 1268–69 (9th Cir.2000), vacated on other grounds *sub nom, Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir.2000).

[3] *Kazalyn v. State,* 108 Nev. 67, 825 P.2d 578 (1992).

Nevada under the Nevada Supreme Court's holding in *Byford v. State,* 116 Nev. 215, 994 P. 2d 700 (2000). Several years later, the Ninth Circuit Court of Appeals decided *Polk v. Sandoval,* 503 F.3d 903 (9th Cir. 2007), which concluded that the use of the *Kazalyn* instruction violated due process because it lowered the burden of proof for the state on first degree murder.

**II.     Discussion**

Respondents move to dismiss the petition in this case arguing that it is untimely filed and the sole ground for relief raised has been procedurally defaulted.

A.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

3

28 U.S.C. § 2244(d).

A judgment becomes final for purposes of 28 U.S.C. § 2244(d) when the period for filing a petition for certiorari in the United States Supreme Court expires. *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir.2005). Petitions for certiorari must be filed in the Supreme Court within 90 days after the supreme court of the state in which the prisoner was convicted issues its opinion or denies review. *Harris v. Carter*, 515 F.3d 1051, 1053, n. 1 (9th Cir. 2008) (citing *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999)).

Applying this rule to the time-line provided above, respondents argue that the statute of limitations began to run on July 26, 2000, ninety days after the Nevada Supreme Court decided the appeal of petitioner's denied motion for a new trial and that it was not tolled until petitioner filed his first state post-conviction petition on March 30, 2001. This allowed 247 of his 365 days to expire. The limitations period commenced once again upon issuance of the remittitur in his original post-conviction proceedings appeal on May 11, 2004. Starting from this date, petitioner had 118 days left to file his federal petition. Thus, absent some tolling mechanism, the one-year limitation period expired on September 2, 2004.

Petitioner argues that the instant petition should not be considered untimely because he is entitled to statutory and equitable tolling. He advances three arguments to support this contention: (1) that limited access to the law library or other legal assistance while at Ely State Prison and High Desert State Prison prevented him from timely filing his *Kazalyn* claim; (2) that the ineffective assistance of counsel hindered or prevented him from presenting the claim sooner; and (3) that the right he asserts in relation to his *Kazalyn* claim was not available until the Nevada Supreme Court decided *Byford v. State,* 116 Nev. 215, 994 P.2d 700, and the Ninth Circuit decided *Polk v. Sandoval*, 503 F.3d 903. Opposition to Motion to Dismiss (Oppo.) (ECF No. 25).

i. <u>Statutory Tolling</u>

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This statute includes several provisions identifying events that trigger its start. "The triggering events are the dates on which: (1) direct review becomes final, (2) an unlawful state-created impediment to filing is removed, (3) a new constitutional right is made retroactively available, or (4) the factual predicate of the claim(s) presented could have been discovered with 'due diligence.'" *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir.2011) (*en banc*) (quoting 28 U.S.C. § 2244(d)(1)(A)-(D)). The one-year statute of limitations begins running from the latest of those dates. *See* 28 U.S.C. § 2244(d)(1); *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir.2001).

(a)  *28 U.S.C. § 2244(d)(2)*

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807 (2005) (an untimely petition is not "properly filed").

Petitioner argues he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) and that the limitations period should be tolled between the date the Ninth Circuit decided *Polk* and the time petitioner initiated this federal action, "when he had state court actions pending in the state habeas proceeding." Oppo., p. 11.

Respondents contend that the one-year limitations period expired in September of 2004, well before petitioner filed his second post-conviction petition, and that the second petition would not have tolled the period, even if it had not expired, because the Nevada Supreme Court found the second petition to be untimely and successive.

1       Petitioner is not entitled to statutory tolling under § 2244(d)(2) as his second state post-
2 conviction petition was not properly filed under *Pace,* 544 U.S. at 417. The decision in *Polk* is irrelevant
3 to this argument, because *Polk* was decided after petitioner's statute of limitations had already expired.
4       (b)    *28 U.S.C. § 2244(d)(1)(B)*
5       Petitioner also argues that he is entitled to tolling under § 2244(d)(1)(B) because he was denied
6 sufficient access to the law library and legal assistance while he was incarcerated at Ely State Prison and
7 the High Desert State Prison.
8       Under § 2244(d)(1)(B), a state created impediment to filing a habeas petition, "in violation of
9 the Constitution or laws of the United States" may toll the statute of limitations, at least until that
10 impediment is removed, if that impediment *actually prevented* the applicant from filing the petition.
11 28 U.S.C. § 2244(d)(1)(B)(emphasis added). Petitioner's declaration in support of the opposition to the
12 motion to dismiss avers that petitioner was housed in Ely State Prison and the prison was on lock-down
13 status at the time his post-conviction petition was denied by the Nevada Supreme Court. Pet. Ex. 1. He
14 further avers that the only access to legal materials, at that time, was through a paging system which
15 limited his requests to no more than five volumes. He also alleges that he was "misinformed" by a law
16 clerk at the prison that he was time-barred from raising any issues in federal court. *Id.*
17       When a petitioner alleges he was prevented from accessing the court as a means to delay the start
18 of the limitations period in federal habeas proceedings, he must be able to demonstrate that he was
19 actually prevented from filing his claims in any form in any court. *Ramirez v. Yates*, 571 F.3d 993,
20 1000–01 (9th Cir.2009) (refusing to allow delayed commencement under 28 U.S.C. § 2244(d)(1)(B)
21 when prisoner filed three state petitions, a state discovery motion, and a federal motion during the
22 relevant time); *Lewis v. Casey*, 518 U.S. 343, 349-350, 353 (1996) (an inmate must show an "actual
23 injury" by "demonstrat[ing] that a nonfrivolous legal claim had been frustrated or was being impeded").
24 Moreover, the limits on petitioner's access to the law library were not necessarily improper. Prison
25 administrators must be afforded broad deference in addressing the safety and security of their prisons
26

6

1 and to determine the best method to afford prisoners access to legal materials in the context of those
2 concerns.  *See Lewis*, 518 U.S. at 361 ("principle of deference has special force" regarding prisoners in
3 lockdown); *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987) (prison regulation "is valid if it is
4 reasonably related to legitimate penological interests"); *Lindquist v. Idaho State Bd. of Corrs.,* 776 F.2d
5 851, 858 (9th Cir.1985) ("Prison officials of necessity must regulate the time, manner, and place in
6 which library facilities are used").

7 Here, as respondents note, while housed in at the Ely State Prison in 2001, petitioner was able
8 to file a cogent and well-reasoned reply to the state's opposition to his post-conviction petition. *See* Ex.
9 70; *see also* Pet. Ex. 1.  This fact cuts against petitioner's argument that he was unable to file his federal
10 petition because of his limited access to legal materials.  If nothing else, petitioner could have brought
11 a duplicate of his state post-conviction petition and supplement to this court to "beat the clock" and then
12 sought appointment of counsel to assist him.

13 Finally, the right to access courts is only a right to bring complaints to the federal court not a right
14 to discover such claims. *See Lewis,* 518 U.S. 15 354-55; *Madrid v. Gomez,* 190 F.3d 990, 995 (9th Cir.
15 1999); *Cornett v. Donovan,* 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has
16 clearly stated that the constitutional right of access requires a state to provide a law library or legal
17 assistance only during the pleading state of a habeas or civil rights action."). Petitioner's argument that
18 his limited law library access hindered his ability to timely file his petition because he was unable to
19 discover his *Kazalyn* claim is not persuasive. He admits that he had legal materials available to him
20 through a paging system and apparently, he also had access to prison law clerks. The *Kazalyn* claim was
21 available as early as 2000 when the Nevada Supreme Court decided *Byford.* He filed a state *pro se*
22 petition and responded effectively to a motion to dismiss that petition while at Ely State Prison.
23 Petitioner has not demonstrated that there was an unconstitutional state-created impediment to his timely
24 filing of the instant federal petition.  He is not entitled to statutory tolling under 28 U.S.C. §
25 2244(d)(1)(B)

26

7

(c)     *28 U.S.C. § 2244(d)(1)(C) and (D)*

Petitioner next argues that the limitations period should be tolled under 2244(d)(1)(C) and (D) because it was not until 2007 when *Polk v. Sandoval* was decided that the federal constitutional claim derived from the use of the *Kazalyn* instruction or the factual predicate of that claim was established.

28 U.S.C. § 2244(d)(1)(C) provides that the limitations period should run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, *if* the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner's argument fails under this subpart because *Polk* was not decided by the United States Supreme Court. The case was reviewed and decided by the Ninth Circuit Court of Appeals, removing it from this statutory tolling section.

28 U.S.C. § 2244(d)(1)(D) provides that the start of the limitations period runs from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner contends that the decision in *Polk* also afforded him the "factual predicate" for his *Kazalyn* claim, because "prior to this decision, [he] had no way of knowing that the instruction given at his trial was in violation of his rights." Oppo. at 10.

Respondents point out that petitioner either was aware of or should have been aware of the jury instructions offered at his trial, which instructions offered the factual predicate for his claim. Neither *Byford* or *Polk* presented petitioner with the factual basis for his claim. These decisions offered only legal analysis of similar facts and drew a conclusion from those facts. Thus, petitioner should have known, or with due diligence, could have discovered the specifics of the jury instructions offered at his trial no later than in December of 2001, when his state post-conviction petition was supplemented and he obtained a copy of his trial transcripts. *See* Pet. Ex. 1, paragraph 7.

Petitioner is not entitled to statutory tolling based on his late discovery of the federal constitutional aspects or the factual predicate of his *Kazalyn* claim.

      ii.  Equitable Tolling

  Petitioner next argues he is entitled to equitable tolling of the statute of limitations based on the same or similar circumstances outlined above. Petitioner claims that the severe limitations on his law library access and other conditions of his confinement along with his counsel's misconduct in failing to communicate with him and in failing to raise the *Kazalyn* claim earlier.

  Equitable tolling is available if "'extraordinary circumstances' beyond a prisoner's control make it <u>impossible</u> to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (emphasis added). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 2565.

  In *Holland* the Court confirmed that a "garden variety claim of excusable neglect" on the part of counsel does not warrant equitable tolling. *Id.* at 2564, citing *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, (1990). However, it confirmed that instances of serious attorney misconduct could meet the standard. *Id.* In *Holland,* counsel failed to timely file petitioner's federal petition and failed to timely communicate over a period of years despite petitioner's many letters of inquiry and his specific reminders to counsel about the filing deadlines. 130 S.Ct. 2562.

  Petitioner's specific allegations include that he was unable to establish the existence of his claim because he was denied meaningful access to the law library. As previously discussed, petitioner was not completely foreclosed from legal research or access to law clerks. In the most restrictive circumstances, he was still permitted to request up to five legal volumes at a time and could return them and ask for more. These facts do not present extraordinary circumstances which warrant equitable relief.

1   Petitioner also asserts that he was misinformed about his federal statute of limitations and about the necessity of a financial certificate for filing his federal petition. The Court finds that these facts also fail to win the day. Petitioner was required to exercise due diligence in pursuit of his claims.

Although section 2244(d)(1)(D)'s due diligence requirement is an objective standard, a court also considers the petitioner's particular circumstances. *See Wood v. Spencer*, 487 F.3d 1, 5 (1st Cir.2007) (holding that due diligence under § 2244(d)(1)(D) is an objective test); *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir.2004)(considering petitioner's physical confinement and familial assistance in determining due diligence); *Moore v. Knight*, 368 F.3d 936, 940 (7th Cir.2004)(taking into account that prisoners are limited by their physical confinement in determining due diligence); *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir.2000) (holding that a case is "discoverable" by "due diligence" on the date it becomes accessible in the prison law library, rather than the date of publication).

Petitioner makes no averment that he attempted to confirm the information he received about his limitations period or about the need for a financial certificate from any source other than the "inmate law clerk." Petitioner could have confirmed this information, at least the limitations information, through legal research. He also could have proceeded to file his petition, informing the court that he had requested the financial information but that it had been delayed. Such actions would be favorably considered in evaluating the petitioner's diligence in pursuit of his claims. Petitioner's arguments do not demonstrate even reasonable diligence on his part and he has not established that he is entitled to equitable relief on the basis of his conditions of confinement or his access to legal information.

Petitioner's allegations that counsel prevented him from timely filing his federal petition are also unpersuasive. He alleges that he was unable to effectively communicate with his counsel on the second post-conviction petition, Mr. Bunin. However, this issue is a non-starter because the statute of limitations had long expired by that time. Bunin was appointed in 2008. The limitations period ended in 2004. Counsel's failure to communicate or to inform petitioner that his appeal on the second post-conviction review had been finalized makes no difference to the issue under review here.

C.     Procedural Default[4]

Respondents also argue that the claim raised in the instant petition is procedurally defaulted because it was raised for the first time in a state proceeding where the Nevada Supreme Court determined the petition to be untimely, successive, and subject to laches. *See* Ex. 130.

Petitioner argues that the claim should not be procedurally defaulted because he can show cause and prejudice to overcome the procedural bar to this Court's review.

Generally, "a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine." *Schneider v. McDaniel*, 674 F.3d 1144, 1152 (9th Cir.2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546 (1991)). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman*, 501 U.S. at 730-31. The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010

---

[4] Although the Court has determined that the petition is untimely filed and not entitled to tolling of the statute of limitations, a discussion of this argument is offered to ensure a thorough review of the issues presented.

(9th Cir. 1994).  *See also Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996).

The second state post-conviction petition was denied by the Nevada Supreme Court after it had examined the petition under the state's post-conviction habeas statute. *See* Ex. 130.  Nevada Revised Statutes (NRS) § 34.726 provides a one-year limitations period for filing a state post-conviction petition. NRS § 34.810 prohibits a petitioner from seeking post-conviction review more than once absent a showing of cause and prejudice.  Applying these standards and reviewing petitioner's arguments, the state court denied relief on these procedural grounds, refusing to consider the merits of petitioner's claim.  *Id.* at 2-3.

Both NRS §§ 34.726 and 34.810 have been held to be independent and adequate state procedural rules that will bar federal review.  *See Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003); *Pellegrini v. State,* 117 Nev. 860, 34 P.3d 519 (2001); *Bargas v. Burns*, 179 F.3d 1207 (9th Cir. 1999). Moreover, petitioner does not argue against the independence or adequacy of these procedural rules. Rather, he argues that he has cause for his delay and that he will suffer prejudice if the claims are not reviewed.  Oppo, pp. 25-29.

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of an external factor which may be found to have impeded a petitioner's ability to bring his or her claims include the discovery of new evidence, a change in the law, and interference by state officials. *Carrier*, 477 U.S. at 488; *see also Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default

1   is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998);
2   *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

3   Petitioner advances the same arguments to overcome the procedural default as he did in hopes
4   of obtaining statutory and equitable tolling of the limitations period. Once again, these arguments prove
5   inadequate.

6   Petitioner contends that his limited access to the law library and to legal materials interfered with
7   his ability to bring his *Kazalyn* claim in a timely manner. As previously discussed, petitioner
8   acknowledges that during the period of lock-down at Ely State Prison, he could obtain legal materials
9   through a paging system where he could request up to five legal volumes and they would be delivered
10  for his review and that otherwise, he was able to visit the law library twice weekly for approximately
11  three hours. These facts do not demonstrate that there existed a impediment external to the defense
12  which prevented petitioner from bringing his claim.

13  Second, petitioner implicates the performance of his various attorneys as impediments to his
14  timely petition as well as the lack of a trial transcript. He argues that his original post-conviction counsel
15  failed to include the *Kazalyn* claim and did not make any mention of such a claim to petitioner.
16  Petitioner avers that in 2004 he was misinformed by a law clerk at Ely that he had missed his federal
17  filing deadline. It was not until 2008, when he obtained more liberal access to legal materials and a law
18  library, that petitioner claims to have discovered *Polk v. Sandoval* and determined that it might have an
19  impact on his conviction.

20  Constitutionally ineffective assistance of counsel has been considered cause for a procedural
21  default. *See Murray,* 477 U.S. at 488, 106 S.Ct. 2639. However, there is no constitutional right to an
22  attorney in state post-conviction proceedings. *See Coleman,* 501 U.S. at 752, 111 S.Ct. 2546. Even the
23  most recent expansion of this rule, as established in *Martinez v. Ryan,* 132 S.Ct. 1309, 3120 (2012), does
24  not allow the a claim of ineffective assistance of counsel on collateral review to establish cause to
25  overcome a procedural bar, except for a claim that may only be brought in the first instance in that
26

1 collateral review proceeding, e.g. claims of ineffective assistance of trial counsel. *Id.* The claim at issue here is not one that can meet that criteria. In fact, the Nevada Supreme Court determined that the claim should rightfully have been brought on direct appeal (ex. 130 at 2). Thus, petitioner's arguments related to his post-conviction counsel are unavailable as a cause external to the defense.

Any argument that petitioner was delayed because of a change in the law also fails where petitioner could have brought his *Kazalyn* claim in the state court in his direct appeal. Petitioner cannot meet the first requirement to overcome the procedural bar to his *Kazalyn* claim. Without a showing of cause <u>and</u> prejudice, this claim cannot be reviewed by this Court.

Relying on *Buffalo v. Sunn*, 854, F.3d at 1166, petitioner has requested that the Court conduct an evidentiary hearing to permit him an opportunity to develop evidence to support his cause argument. Because the petition has been found to be untimely and petitioner is not entitled to equitable tolling of the limitations period, the issue of the procedural default is not available for further development. On that basis, no hearing is warranted.

### III.     Conclusion and Certificate of Appealability

Respondents' motion to dismiss shall be granted on the basis that the statute of limitations expired long before petitioner initiated the instant federal habeas action. He has been unable to demonstrate that he is entitled to either statutory or equitable tolling during the time from September 2, 2004 and March, 2012, when this action was commenced. Additionally, petitioner's claim is procedurally defaulted and he has not established the requisite cause and prejudice to overcome that bar. The petition shall be dismissed.

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

"The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 9) is **GRANTED**.  The petition is dismissed with prejudice as untimely and procedurally barred.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.  The Clerk shall enter judgment accordingly.

DATED:  February 11, 2013

_____
UNITED STATES DISTRICT JUDGE